NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| COMPREHENSIVE SPINE CARE, P.A., <br><br> Plaintiff, <br><br> v. <br><br> OXFORD HEALTH INSURANCE, INC., UNITED HEALTHCARE SERVICES, INC., JOHN DOES 1-10, JANE DOES 1-10, and ABC CORPORATIONS 1-10, <br><br> Defendants. | Civil Action No.: 18-10036 (JLL) <br><br> OPINION |

**LINARES**, Chief District Judge.

This matter comes before the Court by way of a motion for reconsideration filed by Defendants Oxford Health Insurance, Inc. and United Healthcare Services, Inc. (ECF No. 28). Defendants seek reconsideration of the Court's December 10, 2018 Order and Opinion granting in part and denying in part their motion to dismiss the Complaint. (*See* ECF Nos. 23–24). Plaintiff Comprehensive Spine Care, P.A. has submitted an opposition to Defendants' motion, (ECF No. 29), to which Defendants have replied, (ECF No. 35). The Court decides this matter without oral argument pursuant to Rule 78 of the Federal Rules of Civil Procedure. For the reasons set forth below, the Court denies Defendants' motion for reconsideration.

## I. BACKGROUND

The facts underlying this dispute were described in this Court's December 10, 2018 Opinion. (ECF No. 23 ("Op.") at 1–3). Accordingly, and in the interests of judicial economy, the

Court includes an abbreviated statement of the factual and procedural history to the extent such background is relevant to the instant motion.

This case arises from a dispute between a healthcare provider and an insurance company. Plaintiff Comprehensive Spine Care, P.A., a healthcare provider, filed this action against Defendants Oxford Health Insurance, Inc. and United Healthcare Services, Inc. in state court on April 24, 2018, alleging violations of New Jersey state law and seeking damages for Defendants' alleged failure to pay Plaintiff for its provision of medical services to an insured patient ("Patient"). (ECF No. 1-1). Defendants removed the action to this Court, (ECF No. 1), and Plaintiff filed an Amended Complaint, (ECF No. 6 ("Am. Compl.")).

Plaintiff is a "non-participating or out-of-network provider" with respect to Defendants' insurance plans. (Am. Compl. ¶ 13). On some date prior to November 7, 2012, representatives from Plaintiff's office "contacted Defendants to request prior authorization" for the provision of medically necessary orthopedic surgery to Patient. (Am. Compl. ¶¶ 14–15). Plaintiff alleges that it "received authorization from Defendants approving the rendering of surgical services to the Patient under authorization number 97522373." (Am. Compl. ¶ 15). On November 7, 2012, a physician employed and/or contracted by Plaintiff performed the necessary surgical procedure on Patient. (Am. Compl. ¶¶ 16–17). Plaintiff then billed Defendants in the amount of $145,032.00 for the surgery, which Plaintiff alleges "represents normal and reasonable charges for the complex procedures performed by a Board-Certified Orthopedic Surgeon practicing in New Jersey." (Am. Compl. ¶ 19). Defendants ultimately paid Plaintiff a total of $1,474.37, leaving Patient to cover the balance of $143,557.63. (Am. Compl. ¶ 20).

Plaintiff asserted claims for breach of contract, promissory estoppel, account stated, and *quantum meruit*, arguing that, "[b]y authorizing the surgery, Defendants agreed to pay the fair and reasonable rates for the medical services provided by Plaintiff." (Am. Compl. ¶ 24). Defendants

2

moved to dismiss, arguing that all claims were preempted by the Employee Retirement Income Security Act, 29 U.S.C. § 1001, *et seq.* ("ERISA"), and, alternatively, that the Amended Complaint failed to state a claim upon which relief could be granted. (ECF No. 10). This Court denied the greater part of Defendants' motion to dismiss, concluding that Plaintiffs' claims were not preempted by ERISA and that Plaintiff plausibly stated claims for breach of contract, promissory estoppel, and account stated. (Op. at 4–12). The Court granted Defendants' motion with respect to Plaintiff's *quantum meruit* claim and dismissed that claim with prejudice. (Op. at 12–13).

Defendants now move for reconsideration of the Court's decision. The thrust of Defendants' motion is an October 5, 2012 letter (the "Letter") that Defendants argue is the basis for Plaintiff's claims that Defendants preauthorized Plaintiff's provision of services to Patient. (ECF No. 28-3 ("Mov. Br.") at 8–9). Attaching the Letter to a declaration in support of their motion for reconsideration, (*see* ECF No. 28-2), Defendants renew their argument that Plaintiff's claims are preempted by ERISA, as the Letter states that Defendants' payment of claims will be determined based on, *inter alia*, the terms of Patient's ERISA benefits plan. (Mov. Br. at 9–12). Defendants further argue that the Court "misapprehended or overlooked" certain arguments that Defendants raised regarding the sufficiency of Plaintiff's allegations, and ask the Court to reconsider its conclusion that the Amended Complaint plausibly stated claims for relief under theories of implied contract, promissory estoppel, and account stated. (Mov. Br. at 5, 14–17).

## II. LEGAL STANDARD

Local Civil Rule 7.1(i) governs motions for reconsideration in this District. It requires a movant to set forth "the matter or controlling decisions which the party believes the Judge or Magistrate Judge has overlooked." L. Civ. R. 7.1(i). To prevail on a motion for reconsideration, the movant must show at least one of the following grounds: (1) an intervening change in

3

controlling law; (2) the availability of new evidence not previously available; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice. *Wiest v. Lynch*, 710 F.3d 121, 128 (3d Cir. 2013). A motion for reconsideration of a district court's previous decision is meant to be an extremely limited procedural vehicle. *See Tehan v. Disability Mgmt. Servs., Inc.*, 111 F. Supp. 2d 542, 549 (D.N.J. 2000). District courts, which have the discretion to consider motions for reconsideration, grant such motions sparingly. *See Cataldo v. Moses*, 361 F. Supp. 2d 420, 433 (D.N.J. 2004). Movants seeking reconsideration may not relitigate old matters, and may not raise arguments or present evidence that could have been raised before the entry of the original order. *See Boretsky v. Governor of N.J.*, 433 F. App'x 73, 78 (3d Cir. 2011); *Dunkley v. Mellon Inv'r Servs.*, 378 F. App'x 169, 172 (3d Cir. 2010).

Defendants do not argue that there has been an intervening change in controlling law. Instead, Defendants argue that (1) the Letter is "newly discovered evidence" that, when considered, requires dismissal of Plaintiff's claims, (Mov. Br. at 10), and (2) the Court should reconsider its Opinion in order to address arguments that it "may have misapprehended or overlooked" upon its initial consideration of Defendants' motion to dismiss, (Mov. Br. at 9).

### III. ANALYSIS

#### A. ERISA Preemption

Defendants reassert their argument that Plaintiff's claims are preempted by ERISA § 514 because they "relate to" a benefit plan governed by ERISA.[1] (Mov. Br. at 10–12). A state law

---

[1] In their motion for reconsideration, Defendants protest the Court's determination in its previous Opinion that Plaintiff's claims were not preempted by ERISA § 502, claiming that Defendants "never argued" that Plaintiff's claims were preempted by that provision, and raising a concern that the Court's attention was "divert[ed] . . . from the real legal issues" underlying the motion to dismiss. (Mov. Br. at 10 n.2). But Defendants' motion to dismiss repeatedly cites to ERISA § 502 in support of their argument that Plaintiff's claims are preempted. (ECF No. 10-1 at 21 (arguing that "claims seeking to enforce rights to benefits under ERISA plans may only be brought pursuant to ERISA § 502(a)" and that "state laws that interfere

4

cause of action is preempted by § 514: (1) "if it has a 'reference to' ERISA plans," or (2) if it "has an impermissible 'connection with' ERISA plans." *Gobeille v. Liberty Mut. Ins. Co.*, 136 S. Ct. 936, 943 (2016) (citations omitted). In considering Defendants' motion to dismiss, this Court rejected the argument that Plaintiff's claims were preempted by ERISA § 514, concluding that "Plaintiff's claims do not 'relate to' an ERISA-regulated plan because the Amended Complaint does not seek damages pursuant to the terms of Patient's benefit plan, . . . [and] nothing in the Amended Complaint directs the Court to consider the terms of Patient's benefit plan in any way." (Op. at 8). "Instead," the Court noted, "the Amended Complaint seeks damages arising from an independent relationship between Plaintiff and Defendants, . . . [and] at this stage in the proceedings, the Court is concerned with the four corners of the Amended Complaint." (Op. at 8).

In so reasoning, the Court analogized to a case from this District in which the Court rejected an insurance company's argument that a health care provider's state law claims were preempted by ERISA § 514 where the complaint was similarly devoid of any indication that the Court would be required to examine the terms of an ERISA plan in order to resolve the dispute. (Op. at 7–8 (citing *Glastein v. Aetna, Inc.*, No. 18-9262, 2018 WL 4562467 (D.N.J. Sept. 24, 2018)). By contrast, the Court distinguished cases from this District finding that ERISA § 514 preempted claims that arose from "preauthorization letters that expressly stated that preauthorization was subject to the terms of an ERISA benefit plan, therefore requiring a court to interpret the plan in order to resolve the dispute." (Op. at 8–9 (citing *Glastein v. Horizon Blue Cross Blue Shield of Am.*, No. 17-7983, 2018 WL 3849904, at *1 (D.N.J. Aug. 13, 2018) and *Atl. Shore Surgical Assocs.*

---

with the ERISA civil enforcement scheme . . . are preempted by *both* ERISA §§ 514 *and 502*") (emphasis added)). While it is true that Defendants abandoned this line of argument in their reply to Plaintiff's opposition to their motion, (ECF No. 22 at 14), the Court's Opinion addressed the § 502 issue in the interest of thoroughness, (Op. at 4–6). Since the Court then gave due consideration to Defendants' preemption argument pursuant to ERISA § 514, (Op. at 6–9), as well as to Defendants' arguments concerning the sufficiency of Plaintiff's allegations, (Op. at 9–13), Defendants' concern that the § 502 issue "divert[ed]" the Court's attention is misplaced.

*v. Horizon Blue Cross Blue Shield of N.J.*, No. 17-7534, 2018 WL 2441770, at *1 (D.N.J. May 31, 2018)). No such letter was referenced either in the Amended Complaint or in Defendants' motion to dismiss briefing.

Defendants now alert the Court to the existence of an allegedly analogous preauthorization letter, hoping it will prove to be the golden ticket that places Plaintiff's claims squarely in the camp with those that have been found preempted by § 514. Defendants' Letter, sent to Patient, expressly states that "[r]eimbursement is determined after services are rendered and a claim is submitted," and that "[t]herefore, this approval does not guarantee payment." (ECF No. 28-2 at 1). The Letter further explains that payment will be based on, *inter alia*, the "[t]erms, conditions, exclusions and limitations of the Member's [i.e., Patient's] health benefits plan." (ECF No. 28-2 at 1). Defendants therefore argue that the Letter is "dispositive" in that it "refutes Plaintiff's allegation that the preauthorization resulted in any promise [or] agreement by the Defendant to pay Plaintiff at its billed charges or at any rate other than what is required by the terms of the Patient's governing ERISA Plan," which in turn requires a finding that Plaintiff's claims are preempted by ERISA § 514. (Mov. Br. at 5–6, 10–12).

Defendants correctly note that a court reviewing a motion to dismiss may consider "documents incorporated into the complaint by reference," as well as any "document *integral to or explicitly relied upon* in the complaint." *Winer Family Tr. v. Queen*, 503 F.3d 319, 328 (3d Cir. 2007) (quoting *Tellabs, Inc. v. Makor Issues & Rights, Ltd.*, 551 U.S. 308, 322 (2007), then quoting *In re Burlington Coat Factory Sec. Litig.*, 114 F.3d 1410, 1426 (3d Cir. 1997)). Defendants therefore urge the Court to consider the Letter on reconsideration because it is "referenced in Plaintiff's Amended Complaint." (Mov. Br. at 11). According to Defendants, the Amended Complaint's inclusion of Patient's reference number, 97522373, which matches the reference number contained in the Letter, requires a finding that the Letter is "incorporated into the Amended

Complaint by reference." (Mov. Br. at 9 n.1, 10–11). Plaintiff disputes this argument, asserting that the Letter is neither "found within [the Amended Complaint] [n]or replied upon by Plaintiff." (ECF No. 29 ("Opp. Br") at 8). As the Amended Complaint itself does not refer to any letter, and as Plaintiff disputes that its claims arise from the Letter, the Court cannot find that the Letter itself is "explicitly relied upon" by the Amended Complaint. *Winer Family Tr.*, 503 F.3d at 328.

Plaintiff also disputes the authenticity of the Letter, arguing that Defendants have not certified the province of the Letter, "whether the [L]etter was sent to Plaintiff, and whether [Defendants] confirmed that the Plaintiff received the [L]etter (if it was indeed sent to Plaintiff)." (Opp. Br. at 10). Defendants respond by attaching a second October 5, 2012 letter to their reply in support of their motion for reconsideration, which Defendants claim was sent to Dr. Norman Ashraf, and which includes similar language as the Letter that was sent to Patient. (ECF No. 35-1 ¶ 4; ECF No. 35-2). Plaintiff has not had an opportunity to respond to this second letter, as it was submitted after Plaintiff's opposition to Defendants' motion for reconsideration was filed. At this stage in the proceedings, the Court may consider only "an *undisputedly authentic* document" attached to a defendant's motion to dismiss. *Pension Benefit Guar. Corp. v. White Consol. Indus., Inc.*, 998 F.2d 1192, 1196 (3d Cir. 1993) (emphasis added). Because Plaintiff disputes the authenticity of the Letter, and denies that its claims are based on the Letter, the Court is not able to rely on the Letter in dismissing Plaintiff's claims.

Furthermore, the Letter is far from "new evidence not available previously," as is required for the Court to reconsider its ruling on the motion to dismiss. *Leja v. Schmidt Mfg., Inc.*, 743 F. Supp. 2d 444, 456 (D.N.J. 2010). "'[N]ew evidence,' for reconsideration purposes, does not refer to evidence that a party obtains or submits to the court after an adverse ruling. Rather, new evidence in this context means evidence that a party could not earlier submit to the court because that evidence was not previously available." *Howard Hess Dental Labs. Inc. v. Dentsply Int'l,*

*Inc.*, 602 F.3d 237, 252 (3d Cir. 2010) (affirming denial of motion for reconsideration where the record did not suggest that the evidence newly presented to the court was unavailable to the movants when they filed the underlying motion). Here, the Letter is dated October 5, 2012. (ECF No. 28-2 at 1). Defendants provide no explanation for their failure to attach the Letter to their motion to dismiss other than that it was "difficult[] for Defendant to locate all relevant records from so old a claim." (ECF No. 35 at 8). Defendants explain that, "[u]pon receiving Plaintiff's Complaint" in June of 2018, Defendants "attempted to gather all of the relevant documentation," at which time Defendants "located but inadvertently did not forward the Preauthorization Letters to [Defendants'] counsel prior to the filing of the original motion to dismiss." (ECF No. 35 at 8). Defendants' own failure to communicate with their counsel regarding a document that was in their possession as of 2012 and that they now claim is dispositive in their favor does not convince the Court that the evidence was "unavailable" at the time the motion to dismiss was filed.[2] Accordingly, Defendants have not demonstrated that the Letter is appropriate for the Court's consideration on a motion for reconsideration. *See Coulter v. Lindsay*, 622 F. App'x 187, 189 (3d Cir. 2015) (motions for reconsideration "may not be used . . . to present evidence that could have been offered earlier"); *O.R. v. Hunter*, 576 F. App'x 106, 110 (3d Cir. 2014) (affirming denial of motion for reconsideration where "new" evidence offered in support of the reconsideration motion "predate[d the movants'] underlying motions" that the district court was asked to reconsider).

Defendants counter that, "to the extent this Court finds the Preauthorization Letter is not 'newly discovered' evidence, refusing to consider the letter at this time would undermine judicial economy because [Defendants] can and will immediately answer and then file a motion for

---

[2] The Court further notes that neither Defendants' brief in support of their motion to dismiss, nor their brief in reply to Plaintiff's opposition to the motion, contains a single reference to this or any letter. (*See* ECF Nos. 10-1, 22).

judgment on the pleadings under [Federal Rule of Civil Procedure] 12(c) . . . based on the Preauthorization Letter." (ECF No. 35 at 5). Casting a specter of future motion practice, however, does not overcome the fact that the Letter was not previously unavailable evidence. The Court notes, as it did in its prior Opinion, that Defendants will have an opportunity after discovery to argue that the evidence collectively militates in favor of a dismissal of the action. However, the Court cannot allow Defendants to present only favorable evidence to the Court at this early stage in the proceedings before Plaintiff is afforded that same opportunity.

### B. Sufficiency of the Allegations

#### 1. Implied Contract

In its prior Opinion, this Court determined that the Amended Complaint plausibly stated a claim that Defendants breached an implied-in-fact contract. (Op. at 10–11). Defendants maintain that "the Court may have misapprehended or did not fully appreciate" their argument that Plaintiff's implied contract claim fails because the Amended Complaint lacks allegations "concerning what consideration Plaintiff provided to Defendant." (Mov. Br. at 6). "[M]otions for reconsideration are appropriate only to rectify plain errors of law . . . , and they may not be used to relitigate old matters." *Coulter*, 622 F. App'x at 189. Defendants do not argue that reconsideration is necessary to correct a clear error of law or to prevent manifest injustice. However, to the extent Defendants object to the Court's treatment of their consideration argument in the December 10, 2018 Opinion, the Court examines that argument at length here, and rejects it.

Plaintiffs claiming a breach of contract must meet only a "low threshold" for pleading consideration. *Giordano v. Saxon Mortg. Servs., Inc.*, No. 12-7937, 2014 WL 4897190, at *7 (D.N.J. Sept. 30, 2014). Under New Jersey law, "[c]onsideration may take many forms and may be based upon either 'a detriment incurred by the promisee or a benefit received by the promisor.'"

9

*Seaview Orthopaedics ex rel. Fleming v. Nat'l Healthcare Res., Inc.*, 366 N.J. Super. 501, 508–09 (App. Div. 2004) (quoting *Cont'l Bank of Pa. v. Barclay Riding Acad.*, 93 N.J. 153, 170 (1983)); *see also Oscar v. Simeonidis*, 352 N.J. Super. 476, 485 (App. Div. 2002) ("A very slight advantage to one party, or a trifling inconvenience to the other, is a sufficient consideration to support a contract.") (quoting *Joseph Lande & Son v. Wellsco Realty*, 131 N.J.L. 191, 198 (1943)). Here, Plaintiff claims that it agreed to provide medical services to Patient in exchange for Defendants' promise to pay a "fair and reasonable" amount for those services. (Am. Compl. ¶¶ 24–25). The exchange of promises that Plaintiff alleges is plainly adequate consideration to support a contract. *See Oscar*, 352 N.J. Super. at 485 ("[W]hatever consideration a promisor assents to as the price of his promise is legally sufficient consideration. . . . Mutual promises are sufficient consideration one for the other.") (quoting *Coast Nat'l Bank v. Bloom*, 113 N.J.L. 597, 602 (1934)).

Defendants attempt to wedge their prevailing argument regarding Plaintiff's *quantum meruit* claim—that insurance companies derive no benefit from services provided to an insured, (*see* Op. at 12–13)—into the breach of contract context. (Mov. Br. at 14–15). However, *quantum meruit* is an entirely distinct cause of action from breach of contract, one that requires the conferral of a benefit. *See China Falcon Flying Ltd. v. Dassault Falcon Jet Corp.*, 329 F. Supp. 3d 56, 76 (D.N.J. 2018). A valid contract does not require the conferral of benefits on any party in particular; what it requires is "a bargained-for exchange of promises." *Commerce Bancorp, Inc. v. BK Int'l. Ins. Brokers, Ltd.*, 490 F. Supp. 2d 556, 561 (D.N.J. 2007). New Jersey courts also routinely recognize consideration in the form of "a detriment incurred by the promisee"—where one party promises to act or forbear, thereby incurring a detriment, as Plaintiff did here when it agreed to provide medical services to Patient. *Seaview Orthopaedics*, 366 N.J. Super. at 508 (quoting *Cont'l Bank of Pa.*, 93 N.J. at 170). For these reasons, the Court concludes that Plaintiff has adequately pleaded consideration to support its implied contract claim.

## 2. Account Stated

Defendants argue that Plaintiff's account stated claim fails, and that reconsideration of it is warranted, because the account stated claim is dependent on the viability of Plaintiff's implied contract claim, which Defendants argue fails for lack of consideration. (Mov. Br. at 17). Because the Court rejects Defendants' consideration argument, the Court finds that Defendants have not raised any clear error of law warranting reconsideration of Plaintiff's account stated claim.

## 3. Promissory Estoppel

Defendants argue for reconsideration of Plaintiff's promissory estoppel claim because Plaintiff's allegations of reliance "are completely refuted by the language" in the Letter, which Defendants argue shows that they never promised to pay a "fair and reasonable" rate. (Mov. Br. at 16). As Defendants' argument depends entirely on the Letter, which the Court has already declined to accept on reconsideration as it is neither new and previously unavailable, nor undisputedly authentic, the Court rejects Defendants' arguments for reconsideration of the promissory estoppel claim.

## IV. CONCLUSION

For the foregoing reasons, Defendants' motion for reconsideration is denied. An appropriate Order accompanies this Opinion.

DATED: February 26th, 2019

JOSE L. LINARES
Chief Judge, United States District Court